IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOUTHWEST ROCK PRODUCTS, LLC,

      Plaintiff and Counterdefendant,

vs.                                                                                     No. CIV 12-0180 JB/GBW

J.A.R. CONCRETE, INC.,

      Defendants and Counterclaimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Exclude Untimely Identified Expert Witnesses, filed November 18, 2013 (Doc. 69)("Motion"). The Court held a hearing on November 21, 2013. The primary issue is whether the Court should exclude expert testimony by Rob Greeve and Don Jablonsky -- witnesses for Defendant J.A.R. Concrete, Inc. -- because the witnesses did not produce expert reports in accordance with rule 26 of the Federal Rules of Civil Procedure and the Court's Order Setting Pretrial Deadlines and Adopting Joint Status Report, filed June 11, 2012 (Doc. 23)("Scheduling Order"). Reflecting the parties' agreement at the hearing, the Court will grant the Motion in part and deny it in part. The Court will: (i) exclude Jablonsky's expert testimony; and (ii) allow Greeve to testify, but only with respect to the document he disclosed to Plaintiff Southwest Rock Products, LLC.

## FACTUAL BACKGROUND

The Court takes this factual background from Southwest Rock's Complaint for Breach of Contract and Prima Facia Tort, filed February 27, 2012 (Doc. 1)("Complaint"). This case arises out of a business dispute between Southwest Rock, an Arizona limited liability company doing business throughout the southwestern United States, and J.A.R. Concrete, a Texas corporation,

with its principal place of business in Texas and doing business in New Mexico. See Complaint ¶ 1-2, at 1. J.A.R. Concrete, which works in the construction industry in New Mexico, contracted with "the New Mexico Department of Transportation to resurface an interstate highway designated in southern New Mexico as I-25 in designated areas located within Dona Ana County, New Mexico." Complaint ¶ 3, at 1. See id. ¶ 7, at 2. Southwest Rock and J.A.R. Concrete agreed that Southwest Rock would supply J.A.R. Concrete with particular quantities of crushed rock, and that Southwest Rock would subcontract with M.C. Donegan, LLC -- a New Mexico limited liability company -- to blast and drill "the materials at a rock quarry owned by Torro Rock Products in Organ, New Mexico." Complaint ¶ 6, at 2. J.A.R. Concrete and Torro Rock agreed that Torro Rock "would provide a quarry for the blasting of rock and would also have sufficient space to allow for the crushing plant of the Plaintiff as well as an asphalt plant" that Torro Rock would operate. Complaint ¶ 8, at 2. Southwest Rock and J.A.R. Concrete separately agreed that Southwest Rock would crush additional material for J.A.R. Concrete to use in a separate project on Interstate 10 in Dona Ana County. See Complaint ¶ 9, at 2. Both contracts provided that Southwest Rock would pay for the blasting and that only M.C. Donegan could blast the materials. See Complaint ¶ 10, at 2.

Southwest Rock performed under the contracts in May, 2010, and sent by facsimile transmission an invoice to J.A.R. Concrete on June 1, 2010, "indicating a total outstanding balance of $239,090.85, which at that time was seriously past due as a result of the Defendant not making payments to plaintiff under" their contracts' terms; J.A.R. Concrete has not paid this balance. Complaint ¶¶ 11-13, at 2-3. On June 22, 2010, J.A.R. Concrete tried to force Southwest Rock to accept a compromise "by sending two lien releases, one in the amount of $30,259.52 for Plaintiff individually, and the second lien release in check in the amount of

$93,553.11, requiring a waiver and release by Plaintiff as well as M.C. Donegan." Complaint ¶ 14, at 3. J.A.R. Concrete based its allegation that Southwest Rock "had not crushed appropriate amounts of materials . . . on its own stock pile surveys, which had been done before" Southwest Rock had finished its work, "and therefore could not be accurate." Complaint ¶ 15, at 2. According to the Complaint, J.A.R. Concrete knew that Southwest Rock had not finished crushing rock at the time of J.A.R. Concrete's survey and that the survey was, accordingly, inaccurate, because J.A.R. Concrete's representative verified that Southwest Rock had crushed appropriate amounts of rock. See Complaint ¶ 16, at 2.

> At the end of June of 2010, Defendant, instead of paying the Plaintiff, indicated that the Defendant would instead pay M.C. Donegan, LLC, because M.C. Donegan, LLC claimed that it had not been paid by Plaintiff, and Defendant chose to ignore that its failure to pay Plaintiff had created Plaintiff's inability to pay M.C. Donegan, LLC.

Complaint ¶ 17, at 3-4. J.A.R. Concrete has not released any monies, insisting that Southwest Rock must first "sign a release of all claims for any monies beyond $107,974.80, an amount well below" what J.A.R. Concrete owes Southwest Rock. Complaint ¶ 18, at 4.

## PROCEDURAL BACKGROUND

Southwest Rock moves the Court to exclude "Rob Greeve and Don Jablonsky, witnesses recently listed by Defendant in Defendant's Second Amended Disclosures," because J.A.R. Concrete has not complied with the Court's Scheduling Order. Motion at 1. The Court's Scheduling Order required the parties to "identify in writing any expert witness to be used by such parties at trial and provide expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) no later than **October 10, 2012**." Scheduling Order at 2 (emphasis in original). Southwest Rock contends that J.A.R. Concrete "indicated by letter only that it 'may call' a

representative of Highway Solutions[1] and possibly witness Don Jablonsky as expert witnesses, but provided no expert reports" as the Scheduling Order required.  Motion ¶ 2, at 1 (quoting Letter from Beth Miles to Joseph R. White, Joshua L. Smith, and Robert A. Shull at 1, executed October 10, 2010, filed November 18, 2013 (Doc. 69-1)("J.A.R. Concrete's Letter").  Southwest Rock responded to J.A.R. Concrete's Letter by Letter from Lawrence R. White to Joseph Cervantes, executed October 11, 2012, filed November 18, 2013 (Doc. 69-2), in which Southwest Rock "point[ed] out that [J.A.R Concrete's Letter is] not sufficient in regard to LR-CV 26.3 (b) and the Magistrate's order of June 11, 2012."  According to Southwest Rock, "[o]n November 5, 2012, four days before the close of discovery, Defendant filed its Amended Disclosures and did not list as experts either Mr. Greeve or Mr. Jablonsky, but noted as to experts, '15. Any Expert Witnesses disclosed by Plaintiff, as well as any subsequently disclosed expert witnesses.'"  Motion ¶ 4, at 2 (quoting Defendant's Amended Disclosures, filed November 18, 2013 (Doc. 69-3)).  "By joint motion, discovery was extended to January 24, 2013, but Defendant provided no expert reports within such timeframe."  Motion ¶ 5, at 2.  "On November 5, 2013 Defendant filed its 'Second Amended Disclosures', and inserted the names of Rob Greeve and Don Jablonsky, the two individuals previously dropped from the Defendant's disclosures and from whom no expert reports were ever received."  Motion ¶ 6, at 2.  Southwest Rock informed J.A.R. Concrete's attorney of its objections to the witnesses -- i.e., that J.A.R. Concrete had not complied with rule 26 of the Federal Rules of Civil Procedure, "and that these individuals had never submitted reports as contemplated by the Joint Scheduling Report or the Rules."  Motion ¶ 7, at 2.  J.A.R. Concrete does not concur in the Motion.  Motion ¶ 8, at 2.

---

[1] The Court understands "Highway Solutions" to refer to the "Arizona Highway Solutions" identified in the Motion's attachments.  See Letter from Beth Miles to Joseph R. White, Joshua L. Smith, and Robert A. Shull at 1, executed October 10, 2010, filed November 18, 2013 (Doc. 69-1).  Although the Motion does not explain what Arizona Highway Solutions is, the Court infers that it is a consulting group or a similar provider of highway services.

Southwest Rock contends that J.A.R. Concrete "has never even bothered to even seek an extension of time to properly comply with the Rules and produce reports." Motion at 3-4. Southwest Rock points the Court to Lewis v. Goldsberry, No. CIV 11-0283 JB/ACT, 2012 WL 681800 (D.N.M. February 27, 2012)(Browning, J.), in which the Court prevented an expert from testifying because the expert's proponent neither complied with the scheduling order nor produced the expert reports that rule 26 requires. See Motion at 4. Southwest Rock contends that: "In Defendant's Second Amended Disclosures, Defendant describes the testimony of Mr. Greeve in ten words and Mr. Jablonski [sic] in seven words, thus giving the Plaintiff no indication as to what aspect of the case, whether the Plaintiff's claims or the Defendant's defenses either witness will testify about." Motion at 4. In sum, Southwest Rock asks the Court to "strike these two individuals and not allow their testimony in this pending matter." Motion at 4.

J.A.R. Concrete did not respond in writing. See D.N.M.LR-CIV 7.1(a)("The failure of a party to file and serve a response in opposition to a motion within the time for doing so constitutes consent to grant the motion."); D.N.M.LR-CIV. 7.4(a)("A response must be served and filed within fourteen (14) calendar days after service of the motion."). The Court held a hearing on November 21, 2013. See Transcript of Hearing, taken November 21, 2013 ("Tr.").[2] At the hearing, Southwest Rock informed the Court that it had told J.A.R. Concrete that Southwest Rock would allow J.A.R. Concrete to call "the gentleman that he specifically identified from Arizona [S]olutions" -- i.e., Greeve -- to testify "about his calculations on the amount of rock crushed," because J.A.R. Concrete had shared those calculations with Southwest Rock. Tr. at 10:15-11:16 (White). Southwest Rock objected, however, to allowing Jablonsky to

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

testify, stating that it has never seen an expert report from him. See Tr. at 11:16-21 (White).

J.A.R. Concrete indicated that Greeve would testify only as to those findings in the document Southwest Rock has seen. See Tr. 12:8-13:1 (Court, Cervantes). J.A.R. Concrete conceded that, because Jablonsky has not submitted an expert report, he cannot testify as an expert. See Tr. at 13:1-4 (Cervantes). J.A.R. Concrete agreed, therefore, to exclude Jablonsky's testimony and to limit Greeve's testimony to his report's contents. See Tr. at 13:5-7 (Cervantes).

Southwest Rock indicated that this approach satisfied it. See Tr. at 13:8-10 (Court, White). The Court, therefore, indicated that it would grant the Motion in a manner that reflects the parties' agreement. See Tr. at 13:11-12 (Court).

## ANALYSIS

The Motion is largely uncontested as restated, and thus the parties consent to the Court's action. Reflecting the parties' agreement at the hearing, the Court will grant the Motion in part and deny it in part. The Court will: (i) exclude Jablonsky's expert testimony; and (ii) allow Greeve to testify, but only with respect to the document he disclosed to Southwest Rock.

**IT IS ORDERED** that Plaintiff's Motion to Exclude Untimely Identified Expert Witnesses, filed November 18, 2013 (Doc. 69)("Motion"), is granted in part and denied in part. Don Jablonsky will not be allowed to testify at trial. Rob Greeve may testify, but only with respect to the document he disclosed to Plaintiff Southwest Rock Products, LLC.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Robert Shull
Mariscal Weeks McIntyre & Friedlander PA
Phoenix, Arizona

-- and --

Lawrence R. White
Joshua L. Smith
Miller Stratvert, P.A.
Las Cruces, New Mexico

> *Attorneys for the Plaintiff and Counterdefendant*

Joseph Cervantes
Las Cruces, New Mexico

> *Attorney for the Defendant and Counterclaimant*